**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHRISTOPHER VASSEGHI,

          Plaintiff,

          v.

DR. IHAB IBRAHIM, et al.,

          Defendants.

Civil Action No. 24-10324 (KMW) (EAP)

**OPINION**

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1). Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and the application is granted. Because Plaintiff shall be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint is dismissed without prejudice for failure to state a claim for which relief may be granted.

I.      **BACKGROUND**

Plaintiff is a state prisoner currently confined at South Woods State Prison. (*See* ECF No. 3.) In March 2023, Plaintiff was scheduled for ostomy reversal surgery at a private hospital. (ECF

No. 1 at 5.) Plaintiff, however, was at that time a state pre-trial detainee housed in the Hudson County Correctional Center. (*Id.*) He asked Defendant Dr. Ibrahim to be permitted to undergo the surgery. (*Id.*) While Ibrahim denied him permission to undergo the surgery at the private hospital in question, he instead referred him to a surgeon who did work for the jail so that the surgery could go forward. (*Id.* at 5-6.) Ibrahim referred him to Defendant Dr. Ottley, a surgeon at the Jersey City Medical Center. (*Id.* at 6.) Ottley saw Plaintiff and told him he would perform the surgery. (*Id.*) As part of preparation and recovery for the surgery, Ottley advised Plaintiff he would need to refrain from taking medication he had been prescribed for Crohn's disease. (*Id.*) Plaintiff alleges that Ottley overlooked the severity of his Crohn's disease, and as a result the ostomy reversal surgery was a failure, resulting in Plaintiff undergoing hospitalization and a second surgery to replace the ostomy. (*Id.*) This course of events, Plaintiff alleges, led to permanent harm to his intestines and severe pain and discomfort. (*Id.*) Between May 2023, when the surgeries occurred, and the filing of the complaint in November 2024, Plaintiff alleges he had not received medication for his Crohn's disease and had not undergone further follow up medical appointments outside of the jail. (*Id.*) Plaintiff states that he has been told he needs to see a gastroenterologist and another surgeon. (*Id.* at 7.) Although Plaintiff seems to allege jail officials have delayed his treatment, he does not allege any involvement by Ibrahim or Ottley in the alleged issues after the "botched" ostomy surgeries. (*Id.* at 5-8.)

## II.  LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The

legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

III.    **DISCUSSION**

In his complaint, Plaintiff seeks to raise a federal civil rights claim for deliberate indifference to medical needs in violation of the Fourteenth Amendment against Defendant Ibrahim, and a state law medical malpractice claim against Defendant Ottley. To make out a Fourteenth Amendment claim for deliberate indifference to medical needs, a plaintiff must plead facts which, if proven, would show that the defendants were deliberately indifferent to his serious medical needs. *See Natale*, 318 F.3d at 582. This requires Plaintiff to plead facts showing both that the plaintiff had a sufficiently serious medical need and that the defendants engaged in acts or omissions which would permit the inference that they knew of and disregarded "an excessive risk to inmate health or safety." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). A medical need is sufficiently serious where it "has been diagnosed as requiring treatment or [is a need that] is so obvious that a lay person would easily recognize the necessity of a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988). As deliberate indifference "requires more than inadequate medical attention or incomplete medical treatment," *see King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008), a plaintiff who pleads facts amounting to only negligence or medical malpractice will fail to make out a claim for relief under § 1983. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

While Plaintiff has clearly pled that he suffered from a serious medical need related to his ostomy reversal surgery, as to Defendant Ibrahim, the only state actor subject to liability under 42 U.S.C. § 1983 for a federal civil rights violation pled in Plaintiff's complaint, Plaintiff pleads only that he raised his needs to Ibrahim, who immediately referred him for the surgery. Such allegations do not indicate deliberate indifference, and instead suggest that Ibrahim was attentive to Plaintiff's need. Although Plaintiff alleges that jail staff did not provide him unspecified medicines or follow-

4

up appointments, Plaintiff does not allege facts indicating that Ibrahim was directly involved in any such failure to provide follow-up treatment. Without some factual allegation connecting Ibrahim to these post-surgery failings, Plaintiff fails to state a claim for relief against Ibrahim for deliberate indifference to medical needs. Plaintiff's civil rights claim against Ibrahim shall therefore be dismissed without prejudice.

Plaintiff's sole remaining claim – a state law medical negligence or malpractice claim against Defendant Ottley – is a claim this Court could only consider if the Court were to exercise supplemental jurisdiction over that claim. Because this Court has dismissed all of Plaintiff's federal claims over which this Court has original jurisdiction, however, this Court must decline to exercise supplemental jurisdiction over Plaintiff's state law claim. *See* 28 U.S.C. § 1367(c)(3); *see also Royal Canin U.S.A., Inc. v. Wullschleger*, --- U.S. ---, slip op. at 7-20 (Jan. 15, 2025) (District Court must decline supplemental jurisdiction over pendent state law claims once all claims over which it has original jurisdiction have been dismissed or withdrawn). To the extent Plaintiff wishes to proceed solely on his state law medical malpractice claims, he may do so by filing suit in state court. Should Plaintiff file such a suit in state court within thirty days, it shall be treated as if filed on the date Plaintiff filed this action.


IV.    **CONCLUSION**

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 1-1) is **GRANTED**; and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.


Hon. Karen M. Williams,
United States District Judge