**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER VASSEGHI,<br><br>                Plaintiff,<br><br>     v.<br><br>DR. IHAB IBRAHIM, et al.,<br><br>                Defendants. | Civil Action No. 24-10324 (KMW) (EAP)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's amended complaint. (ECF No. 7.) Because Plaintiff was previously granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint is dismissed without prejudice for failure to state a claim for which relief may be granted.

**I.      BACKGROUND**

Plaintiff is a state prisoner currently confined at South Woods State Prison. (*See* ECF No. 3.) In March 2023, Plaintiff was scheduled for ostomy reversal surgery at a private hospital. (ECF No. 7 at 5.) Plaintiff, however, was at that time a state pre-trial detainee housed in the Hudson County Correctional Center, and jail staff told him he would not be taken for his surgery appointment, but would instead be scheduled for a consult with a surgeon who did work for the

jail, Defendant Ottley, who was employed at the Jersey City Medical Center. (*Id.* at 5-6.) Ottley told Plaintiff they could do the surgery immediately, but Plaintiff asked for a month to prepare; Ottley agreed and told Plaintiff to stop taking medication for Crohn's disease in preparation for the surgery. (*Id.*) Plaintiff's surgery ultimately failed, requiring a second surgery and blood transfusion to repair the damage caused by the first surgery. (*Id.* at 6.) Plaintiff alleges that Ottley told him that the surgery failed because his Crohn's disease severity. (*Id.*) Plaintiff alleges that the ultimate result of these two surgeries was damage to his intestines, pain, suffering, and lengthy rehabilitation. (*Id.*) Essentially, Plaintiff contends that Ottley overlooked or failed to adequately gauge the severity of his Crohn's disease before performing the surgery, resulting in lasting damage. (*Id.*)

## II.     **LEGAL STANDARD**

Because Plaintiff has been granted *in forma pauperis* status in this matter, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual

2

allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his complaint, Plaintiff seeks to raise a federal civil rights claim for deliberate indifference to medical needs in violation of the Fourteenth Amendment against Defendant Ottley and the Hudson County Correctional Center. The Hudson County Correctional Center, however, is not a proper Defendant in a federal civil rights matter, and Plaintiff's claims against the jail must be dismissed as such. *See Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015).

3

Turning to Defendant Ottley, to a make out a Fourteenth Amendment claim for deliberate indifference to medical needs,[1] a plaintiff must plead facts which, if proven, would show that the defendants were deliberately indifferent to his serious medical needs. *See Natale*, 318 F.3d at 582. This requires Plaintiff to plead facts showing both that the plaintiff had a sufficiently serious medical need and that the defendants engaged in acts or omissions which would permit the inference that they knew of and disregarded "an excessive risk to inmate health or safety." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). A medical need is sufficiently serious where it "has been diagnosed as requiring treatment or [is a need that] is so obvious that a lay person would easily recognize the necessity of a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988). As deliberate indifference "requires more than inadequate medical attention or incomplete medical treatment," *see King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008), a plaintiff who pleads facts amounting to only negligence or medical malpractice will fail to make out a claim for relief under § 1983. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

Clearly, Plaintiff suffered from a sufficiently serious medical need. Although Plaintiff asserts that he believes Dr. Ottley was deliberately indifferent to his needs, the facts Plaintiff actually alleges do not support such a conclusion. Plaintiff's claim essentially rises and falls with his assertion that Ottley overlooked or failed to adequately ascertain the severity of his Crohn's disease, a condition that Ottley was aware Plaintiff had. Although Ottley clearly knew Plaintiff

---

[1] Although Plaintiff raised a state law medical malpractice claim against Ottley in his initial complaint, he appears to only be raising a federal civil rights claim against him in his amended complaint. To the extent Plaintiff wished to also raise a malpractice claim once again, this Court would be required to decline supplemental jurisdiction over that claim as the Court shall dismiss all claims over which it has original jurisdiction in this matter. *See* 28 U.S.C. § 1367(c)(3). The proper means for pursuing that claim would be for Plaintiff to file a state court medical malpractice action.

4

had Crohn's disease, Plaintiff's allegations suggest Ottley was unaware of the severity of the disease or that it was so poorly controlled that it would inhibit the outcome of the surgery. Thus, the allegations presented could certainly support the conclusion that Ottley was negligent in failing to adequately explore the severity of Plaintiff's Crohn's disease rather than simply press on with the surgery suggested by Plaintiff's private doctors prior to his incarceration, but the allegations Plaintiff has presented do not suggest that Ottley was aware of and chose to disregard an excessive risk to Plaintiff's safety. Thus, though Plaintiff may well be able to plead a state law medical malpractice claim against Ottley were he to pursue such a claim in state court,[2] he has failed to adequately allege a deliberate indifference claim sufficient to support a federal civil rights claim. Plaintiff's deliberate indifference claim against Ottley thus must be dismissed without prejudice.

Additionally, the Court notes that Plaintiff alleges that Dr. Ottley is a surgeon employed by the Jersey City Medical Center, and not a direct employee of the state or county. A federal civil rights action brought pursuant to 42 U.S.C. § 1983, however, may only be brought against a defendant who violated the plaintiff's rights while acting under color of state law. *See, e.g., Mierzwa v. United States*, 282 F. App'x 973, 977 (3d Cir. 2008). Such a claim thus requires that the Defendant either be a state actor or have been acting in such a way that their actions can fairly be attributed to the state. *Id.* Private surgeons, even when providing care to prisoners, are generally not considered to be state actors where the care they provide is not part of direct employment by a jail or prison or through a direct contractual relationship with a jail or prison. *See, e.g., Talbert v. Kaplan*, No. 12-6533, 2013 WL 4434214, at *4 (E.D. Pa. Aug. 20, 2013). Although Plaintiff was referred to Ottley by jail staff, it is unclear what relationship Ottley had with the jail, and it is not

---

[2] Rather than file a Second Amended Complaint in this Court, Plaintiff may instead wish to file a medical malpractice action in state court, which would not be subject to the higher standard applicable to deliberate indifference cases.

5

clear that Ottley is, in fact, a state actor. Ottley thus may not be subject to a civil rights suit unless Plaintiff can plead sufficient facts to show that Ottley was acting under color of state law when he provided Plaintiff with surgical care. Should Plaintiff choose to file an amended complaint in this matter rather than file a medical malpractice action in state court, Plaintiff should clarify why he believes Ottley is a state actor.

### IV.     <u>CONCLUSION</u>

For the reasons expressed above, Plaintiff's amended complaint (ECF No. 7) shall be **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge